IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SARAH THOMPSON,<br><br> *Plaintiff*,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br> *Defendant*. | CIVIL ACTION NO.<br>3:25-cv-00074-TES |

**ORDER**

  Before the Court is pro se Plaintiff Sarah Thompson's Amended Complaint [Doc. 4]. Plaintiff commenced this civil action on May 12, 2025, by filing a Complaint [Doc. 1] against Defendant Equifax Information Services, LLC, and moving for leave to proceed *in forma pauperis* (IFP). *See* [Doc. 2]. On June 13, 2025, the Court granted Plaintiff's Motion for Leave to Proceed IFP, screened her Complaint under 28 U.S.C. § 1915(e), and ordered her to file an amended complaint providing specific factual details to support her claims. [Doc. 3, pp. 6–7]. Plaintiff timely complied, filing a three-count Amended Complaint on June 30, 2025, asserting one claim under Georgia law and two claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x. [Doc. 4].

  The Court now screens Plaintiff's Amended Complaint—applying the same legal standards articulated in the Court's previous Order, *see* [Doc. 3, pp. 3–5]—to determine

whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e).

The Amended Complaint alleges that on January 4, 2024, the parties executed a written settlement agreement requiring Equifax to "delete, remove, and/or otherwise suppress" a Navy Federal Credit Union (FCU) account from Plaintiff's credit report. [Doc. 4, ¶ 4]; [Doc. 4-1, ¶ 7]. Equifax deleted the account from Plaintiff's credit file on December 6, 2023. [Doc. 4, ¶ 5]; *see* [Doc. 4-2]. In November 2024, Plaintiff obtained her Equifax credit report and noticed that the account had reappeared under a new furnisher name—LVNV Funding LLC—but with the same account number. [Doc. 4, ¶ 6]; *see* [Doc. 4-3]. Equifax allegedly did not mail or email Plaintiff written notice of the reinsertion. [Doc. 4, ¶ 7]. Between November 2024 and February 2025, Plaintiff claims that she was denied credit cards and was approved for a personal loan at a higher interest rate because of the reinsertion. [*Id.* at ¶ 8]. Based on these allegations, Plaintiff asserts: (Count I) breach of contract under Georgia law, (Count II) violation of FCRA § 1681i(a)(5)(B), and (Count III) violation of FCRA §§ 1681e(b) and 1681s-2(b). [*Id.* at ¶¶ 9–12].

### A.   Count I (Breach of Contract)

Count I alleges that Equifax breached the Settlement Agreement by reinserting the account at issue—under a different furnisher name—into her credit report after it

had been deleted. [*Id.* at ¶¶ 4, 6, 10]. Plaintiff identifies the Settlement Agreement and its relevant term, the account at issue, the timing of the deletion and reinsertion, and the resulting damages. [*Id.* at ¶¶ 4–10]; [Doc. 4-1, ¶ 7]. Equifax's positions—that the LVNV account information "remained suppressed and was not reinserted," and that the Settlement Agreement covered only the Navy FCU account—present questions for another day. *See* [Doc. 4-4, p. 9]. Plaintiff's allegations, accepted as true, plausibly state a claim for breach of contract under Georgia law. *See Lamb v. Fulton-DeKalb Hosp. Auth.*, 677 S.E.2d 328, 333 (Ga. Ct. App. 2007) (noting that a settlement agreement is a contract under Georgia law).

    **B.**    **FCRA Claims**

Counts II and III assert claims under the FCRA. *See* [Doc. 4, ¶¶ 11–12]. Count II alleges that Equifax violated 15 U.S.C. § 1681i(a)(5)(B), and Count III alleges that Equifax violated 15 U.S.C. "§ 1681e(b) and/or § 1681s-2." *See* [*id.*]. Plaintiff seeks damages under 15 U.S.C. §§ 1681n and 1681o, which impose civil liability for willful and negligent noncompliance with the FCRA's requirements, respectively.

    **1.**    **Count II (15 U.S.C. § 1681i(a)(5)(B)(ii))**

Count II alleges that Equifax reinserted the previously deleted account information back into her file without notifying Plaintiff, in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii), which requires a CRA to notify a consumer if it reinserts previously deleted information back into a consumer's file:

> If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency.

15 U.S.C. § 1681i(a)(5)(B)(ii); [Doc. 4, ¶¶ 5–8]. This section operates where deletion occurred following a reinvestigation triggered by § 1681i(a)(1)(A), which requires that the consumer notify the CRA directly to trigger § 1681i's duties:

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the [CRA] shall—(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(a)(5)(A)(i)–(ii); *see Worthy v. TransUnion*, No. 3:21-cv-174, 2021 WL 8315123, at *2 (N.D. Ga. Nov. 23, 2021); *Smith v. Specialized Loan Servicing, LLC*, No. 1:17-cv-2940-LMM, 2017 WL 8222347, at *4 (N.D. Ga. Nov. 28, 2017).

Here, Plaintiff alleges that Equifax deleted the account at issue but later reinserted the same account (under a different furnisher name) without notifying Plaintiff. [*Id.* at ¶¶ 5–7]. She also alleges that the reinsertion caused damages. [*Id.* at ¶ 8]. Those facts—accepted as true—are enough to raise an inference that the deletion followed a § 1681i(a)(1)(A) reinvestigation, and they suffice to state a claim under § 1681i(a)(5)(B)(ii) at the screening stage. *See Worthy*, 2021 WL 8315123, at *2; *Smith*, 2017

WL 8222347, at *4.

### 2.     Count III (15 U.S.C. §§ 1681e(b) & 1681s-2)

Count III alleges that Equifax violated 15 U.S.C. § 1681e(b), which requires that "[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To state a claim under § 1681e(b), a plaintiff "must show that the [CRA's] report contained factually inaccurate information, that the procedures [the CRA] took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). Plaintiff's allegations that the reports showed an LVNV Funding LLC collection account carrying the same account number as the previously deleted Navy FCU account—i.e., the same debt reappearing under a new name—and that she suffered credit denials and a higher-rate loan are thin but sufficient at this stage for her § 1681e(b) claim to proceed. [Doc. 4, ¶¶ 5–8]; *see* [Doc. 4-4, p. 9].

However, Count III also seeks relief under 15 U.S.C. § 1681s-2, which imposes duties on *furnishers* of information—not on CRAs themselves. *See* [Doc. 4, ¶ 12]. Plaintiff alleges that Equifax is a CRA, not a furnisher, under the FCRA. *See* [*Id.* at ¶ 3]. Therefore, the Amended Complaint fails to allege that Equifax is subject to § 1681s-2's requirements, and Plaintiff's claim under § 1681s-2 is subject to dismissal. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016) (explaining that 15 U.S.C.

§ 1681i places investigative duties on CRAs while § 1681s-2 governs the responsibilities of entities that furnish information to CRAs).

## CONCLUSION

Accordingly, having screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** Plaintiff's claim under § 1681s-2(b) **with prejudice**. However, Plaintiff may proceed on her breach of contract claim as well as her claims under 15 U.S.C. §§ 1681i(a)(5)(B)(ii) and 1681e(b) for further factual development.

Because Plaintiff is proceeding IFP, the Court **DIRECTS** the Clerk of Court to issue a summons for Defendant Equifax Information Services, LLC, and **ORDERS** the United States Marshal or a Deputy Marshal to serve Defendant Equifax with a copy of the summons, the Amended Complaint [Doc. 4], and this Order. *See* Fed. R. Civ. P. 4(c)(3).

**SO ORDERED**, this 15th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
